FILED

FEB 23 2017

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORECIA DAVIS, | No. 2:16-cv-00890-JAM-AC |
| Plaintiff, | |
| v. | **ORDER** |
| WELLS FARGO BANK, N.A., NBS DEFAULT SERVICES, LLC, TITLE 365 and DOES 1 THROUGH 20, inclusive, | |
| Defendants. | |

On December 2, 2016 the Magistrate Judge filed findings and recommendations herein which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen (14) days. Objections were filed on December 9, 2016, and they were considered by the District Judge.

This court reviews de novo those portions of the proposed findings of fact to which objection has been made. 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982). As to any portion of the proposed findings of

1

fact to which no objection has been made, the court assumes its correctness and decides the motions on the applicable law. See Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979). The Magistrate Judge's conclusions of law are reviewed de novo. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).

The Court has reviewed the applicable legal standards and, good cause appearing, concludes that it is appropriate to adopt the November 29, 2016 Findings and Recommendations in full. The Court will briefly address the apparent inconsistency between this conclusion and the Court's prior decisions, as raised in Defendant's Objections.

As the Magistrate Judge noted, the Ninth Circuit has not addressed the question of whether a non-federal savings bank that acquires a loan from a federal savings bank ("FSB") enjoys Home Owner's Loan Act ("HOLA") preemption. District courts are split on the issue. Although it appears to be the minority view, courts have increasingly found that HOLA preemption applies only to claims arising from the conduct of the federal savings bank and not post-acquisition conduct of the successor. See, e.g., Narvasa v. U.S. Bancorp, No. 2:15-cv-02369-KJM-EFB (E.D. Cal. July 28, 2016); Penermon v. Wells Fargo Bank, N.A., 47 F. Supp. 3d 982 (N.D. Cal. 2014); Hopkins v. Wells Fargo Bank, N.A., No. CIV. 2:13-00444 WBS JFM, 2013 WL 2253837 (E.D. Cal. May 22, 2013); Leghorn v. Wells Fargo Bank, N.A., 950 F. Supp. 2d 1093 (N.D. Cal. 2013); Valtierra v. Wells Fargo Bank, N.A., No. CIV-F-10-0849 AWI GSA, 2011 WL 590596 (E.D. Cal. Feb. 10, 2011); see also Gerber v. Wells Fargo Bank, N.A., No. CV 11-01083-PHX-NVW,

2012 WL 413997 (D. Ariz. Feb. 9, 2012) (holding that HOLA preemption does not apply to Wells Fargo at all) ("[P]reemption is not some sort of asset that can be bargained, sold, or transferred. HOLA preemption was created by the OTS for the benefit of *federal savings associations* . . . Wells Fargo is not a federal savings association[.]")

The most recent case in which this Court directly confronted this question was Shaddox v. Wells Fargo Bank, N.A. in 2012. No. 2:12-CV-0250-JAM-EFB, 2012 WL 2359633 (E.D. Cal. June 20, 2012). The Court took Defendant's desired approach and applied HOLA preemption to Wells Fargo after it acquired a FSB loan—which originated with World Savings Bank, FSB—through a merger. The Court did not evaluate or discuss the question in detail. It appears the plaintiff in that case only devoted one paragraph of its Opposition to the Motion to Dismiss to the question of whether HOLA preemption applied to Wells Fargo and did not cite to a single case for support. Plaintiff's Opposition to Defendant's Motion to Dismiss at 10, Shaddox v. Wells Fargo Bank, N.A., No. 2:12-CV-0250-JAM-EFB (E.D. Cal. June 20, 2012), ECF No. 16. Similarly in Salinas v. Wachoivia Mortg. and Sharma v. Wachovia the Plaintiffs did not contest HOLA's application and the Court did not analyze the issue. Plaintiff's Opposition to Defendant's Motion to Dismiss at 3-4, Salinas v. Wachoivia Mortg., No. 2:11-CV-01220 JAM-DAD, 2011 WL 3273529 (E.D. Cal. July 27, 2011), ECF No. 18; Plaintiff's Opposition to Defendant's Motion to Dismiss at 11-13, Sharma v. Wachovia, No. 2:10-CV-02274 JAM-KJN, 2011 WL 66506 (E.D. Cal. Jan. 7, 2011), ECF No. 10. In contrast, the above-cited cases addressed the

issue head on and concluded that HOLA preemption should not extend to the national bank's post-acquisition behavior.

Thus, this is the first time this Court has been called upon to consider the question with the benefit of fully briefed legal analysis, in addition to several years of developing case law. After reviewing the Magistrate Judge's reasoning, Defendant's Objections, and the cases cited therein, the Court is persuaded that the Magistrate Judge's conclusion is the better reasoned view.

As for Defendant's remaining objections, this Court has previously followed the Alvarez line of cases with respect to a bank's duty in processing loan modifications. See Hsin-Shawn C. Sheng v. Select Portfolio Servicing, Inc., No. 2:15-cv-0255-JAM-KJN, 2015 WL 4508759 (E.D. Cal. July 24, 2015) (citing Alvarez v. BAC Home Loans Servicing, L.P., 228 Cal. App. 4th 941 (2014)). Further, duty is determined on a case-by-case basis, see Lueras v. BAC Home Loans Servicing, LP, 221 Cal. App. 4th 49, 62 (2013); the Court is satisfied that the Magistrate Judge evaluated the unique circumstances in this case and properly found that Defendant owed Plaintiff a duty.

Accordingly, IT IS ORDERED that the findings and recommendations filed November 29, 2016 are adopted.

    1.    Defendants' Motion to Dismiss is GRANTED in part and DENIED in part as follows:

        a.    GRANTED as to Claims Two, Three, and Four, which are dismissed with prejudice;

        b.    GRANTED as to Claims Six (fraud), Seven (seeking cancellation of the assignment of the Deed of Trust), Nine

4

1  (breach of the implied covenant of good faith and fair dealing),
2  Ten (quiet title), Eleven (slander of title) and Twelve
3  (promissory estoppel) with leave to amend within 45 days of this
4  Order; and

5      c.  DENIED as to Claims One (negligence), Five (Cal
6  Bud. & Prof. Code § 17200), Eight (wrongful foreclosure),
7  Thirteen (negligent misrepresentation), and Fourteen (invasion of
8  privacy).

9      2.  Plaintiff's Motion for Preliminary Injunction, ECF No.
10 16, is GRANTED.  Defendant Wells Fargo is enjoined from
11 proceeding with the foreclosure sale of the subject property
12 until resolution of the case or further order of the court and
13 the bond requirement of Federal Rule of Civil Procedure 65(c) is
14 waived.

15     IT IS SO ORDERED.
16 Dated:  2·22·2017

*/s/ John A. Mendez*
United States District Court